UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JULIO A. LLANESSA, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 18-632-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Julio A. Llanessa has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he seeks to challenge the imposition of disciplinary sanctions for possessing a cell phone within the prison. [Record No. 1] The matter is pending for an initial review of the petition as required by 28 U.S.C. § 2243.[1]

A prison guard found a cell phone in the inmates' shower area of the federal prison in Yazoo City, Mississippi, in January 2018. The Bureau of Prisons treats cell phones as "hazardous tools," a form of contraband, and an inmate's possession of one constitutes a Code 108 prohibited act. Bureau of Prisons Program Statement 5270.09 Table 1 (July 8,

---

[1] See *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Llanessa's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

2011). After the phone was unlocked, prison officials found a photograph taken in November 2017 of Llanessa posing with seven other inmates for a "selfie" inside the prison. The Bureau of Prisons ("BOP") issued an Incident Report on January 29, 2018, charging Llanessa with a Code 108 offense for Possession of a Hazardous Tool. [Record No. 1-2] A Disciplinary Hearing Officer held a hearing on the charge one week later.

Llanessa admitted during the hearing that he was in the picture, which the DHO treated as an admission of guilt. The DHO noted that BOP regulations require every inmate to "keep [his or her] area free of contraband," citing Program Statement 5270.09 Appx. C at pg. 39. The DHO imposed various sanctions which included the loss of 41 days of good conduct time. [Record No. 1-3]

Llanessa appealed the disciplinary sanction to the BOP's Southeast Regional Office ("SERO"), complaining that: (1) the Incident Report was not properly completed because it did not contain an Incident Report number or the typed name of the officer who delivered it; (2) the Incident Report was not timely delivered to him; and (3) a hearing before the Unit Disciplinary Hearing was never held. [Record No. 1-4] Llanessa states that, sometime in March 2018, a BOP official asked him to sign the appeal form again so that his signature could be seen through all the copies. [Record No. 1 at Page ID #5] When Llanessa received no response to his appeal from SERO in April or May, he sent letters enquiring about the status of his appeal in June and again in July. [Record Nos. 1-5, 1-6] He states that he received no response to either letter. [Record No. 1 at Page ID #5]

BOP regulations afford the Regional Office thirty days to respond to an inmate's appeal, which the Regional Director may extend by an additional thirty days. If the BOP does not respond within the time permitted, the prisoner may treat that silence as a denial. 28 C.F.R. § 542.18. That deadline having apparently passed, on August 28, 2018 Llanessa filed an appeal to the BOP's Central Office incorporating his arguments to SERO by reference. [Record No. 1-7, 1-8] The Central Office rejected the appeal, indicating that Llanessa had not followed the steps indicated by SERO which led to the rejection of his initial appeal.

Llanessa sent a letter to the Central Office in early October 2018, stating that he had re-signed his appeal form as directed by SERO and asserting that his appeal was therefore proper. [Record Nos. 1-9, 1-10] The Central Office responded on October 30, 2018, indicating that SERO "rejected both of your appeals with instructions on what to correct before resubmitting at that level. You did not follow those instructions." [Record No. 1-11] Llanessa filed his petition in this matter one month later.

Llanessa argues that he has exhausted his administrative remedies, and complains at length that that the BOP's inmate grievance program is a "foggy maze" which has become a "farce" through administrative delay by "unaccountable bureaucrats." [Record No. 1 at Page ID #2-6] Next, he contends that his conviction is not supported by "some evidence" because "there is no evidence that [he] ever possessed a phone, only that one was used to take his picture." [Record No. 1 at Page ID #6-9]

The Court will deny Llanessa's petition without prejudice because he did not exhaust his administrative remedies with respect to his "some evidence" claim. Before a federal prisoner may file a § 2241 petition to challenge the execution of his sentence, the prisoner must first exhaust any administrative remedies available under the prison's grievance system. *Luedtke v. Berkebile*, 704 F. 3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). Requiring exhaustion of remedies available within the agency whose actions are being challenged preserves the agency's administrative authority by providing it with "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Thus, a prospective litigant must present his or her administrative grievance in such a manner as to "give the agency a fair and full opportunity to adjudicate their claims ..." *Id*. at 90.

The Court need not decide whether Llanessa has adequately cure the deficiencies which led SERO to reject his initial appeal. Instead, Llanessa plainly did not exhaust his administrative remedies because his appeals to SERO and the Central Office asserted only procedural deficiencies in the creation and delivery of the Incident Report and the absence of a UDC hearing. At no time did Llanessa present his "some evidence" claim (i.e., the only claim he now presents to this Court as the basis for relief) to the BOP for consideration. To properly exhaust a claim, an inmate must identify the issue with sufficient particularity to permit prison officials a reasonable opportunity to address it. *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004). An inmate may not assert a claim

in litigation that is wholly distinct, factually or legally, from the one presented to prison officials during the grievance process. *Johnson v. Woodford*, No. CV 04-05995-GHK, 2010 WL 4007308, at *4 (C.D. Cal. April 20, 2010) ("Where one set of facts and circumstances gives rise to more than one potential claim, the plaintiff cannot exhaust all of the potential claims by merely exhausting one such claim."); *Watson–El v. Wilson*, No. 08-C-7036, 2010 WL 3732127, at *9 (N.D. Ill. Sept. 15, 2010) (where prisoner filed grievance challenging BOP's placement of administrative hold on his trust account as violation of due process, subsequent claim that hold was placed to coerce him to provide information on contraband "cannot [be pursued] in federal court having never given the prison the opportunity to investigate and correct the situation. The plaintiff's grievance was insufficient to alert prison officials to the 'nature of the wrong.'"); *Pruitt v. Holland*, No. 10-CV-111-HRW, 2011 WL 13653, at *4-6 (E.D. Ky. Jan. 4, 2011) (collecting cases). See generally *Overcoming Administrative Silence in Prisoner Litigation: Grievance Specificity and the "Object Intelligibly" Standard*, 114 Columbia L. Rev. 1209 (June 2014).

In summary, because Llanessa has not presented his argument regarding the sufficiency of the evidence to the BOP, the claim in his habeas corpus petition is unexhausted and will be denied without prejudice. Accordingly, it is hereby

**ORDERED** as follows:

1. Petitioner Julio A. Llanessa's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**, without prejudice.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: January 10, 2019.

*Danny C. Reeves*
United States District Judge